UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC EUGENE GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:09mc0008 |
| | ) Judge Campbell |
| CORRECTIONS CORPORATION OF | ) |
| AMERICA, ET AL., | ) |
| | ) |
| Defendants. | ) |

1 09 0023

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the South Central Correctional Facility (SCCF) in Clifton, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) Corrections Corporation of America (CCA); 2) Cherry Lindamood, Warden at SCCF; 3) Daniel Prichard, Assistant Warden at SCCF; 4) Blair Lybock, Assistant Warden at SCCF; 5) Gene Maple, Classification Coordinator at SCCF; 6) Clarence Potts, Chief of Security at SCCF; and 6) Sgt. f/n/u Kilzer, Grievance Chairperson at SCCF. The plaintiff seeks money damages and injunctive relief.

The plaintiff's overarching claim is that he has been transferred to SCCF in violation of an agreement reached in a 2003 case in the district court, the agreement being that he would never again be imprisoned in a CCA-operated facility.[1] (Docket Entry No. 1) The plaintiff asserts repeatedly in this action that his life is in danger at SCCF from members of the Aryan Nation, and that he is having to pay another gang to protect him. (Docket Entry No. 1, pp. 1,3)

---

[1] The prior case to which the plaintiff refers is *Gilmore v. Corrections Corporation of America*, Case No. 1:03-0072 (M.D. Tenn. Feb. 2, 2004)(Higgins, J.)

The plaintiff asserts that he asked Warden Lindamood to transfer him to a facility operated by the Tennessee Department of Correction (TDOC) for his safety, or to place him in protective custody. (Docket Entry No. 1, p. 1) The plaintiff asserts that Warden Lindamood refused his request, allegedly telling him that "she didn't care if [he] died." (Docket Entry No. 1, p. 1) The plaintiff claims that he asked Assistant Warden Prichard for his assistance, but that he did nothing," and that Chief of Security Potts "flat out refused" to talk to him. (Docket Entry No. 1, p. 2)

According to the plaintiff, he sought the assistance of Classification Coordinator Maple, but that Classification Coordinator Maple told the plaintiff to get out of his office and to file a grievance (Docket Entry No. 1, p. 2) The plaintiff asserts that he has filed numerous grievances, but that they have been thrown away. (Docket Entry No. 1, pp. 1-2) More particularly, the plaintiff alleges that Sgt. Kilzer refuses to hear his grievances, and tears them up. (Docket Entry No. 1, p. 3)

The plaintiff claims that, because of the stress and fear caused by being incarcerated in SCCF, he has been unable to eat or sleep. (Docket Entry No. 1, p. 2) The plaintiff asserts that he has lost weight – from 319 lbs. to 253 lbs – in the month he has been at SCCF. (Docket Entry No. 1, p. 2)

Finally, in claim unrelated to the fact of his confinement at SCCF, the plaintiff alleges that Assistant Warden Lybock assigned him to work that was not in keeping with his medical restrictions. (Docket Entry No. 1, p. 2) The plaintiff asserts that, when he brought the issue to her attention, Assistant Warden Lybock told him to report to his assigned job, or be written up for refusing to participate. (Docket Entry No. 1, p. 2)

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535

2

(1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the federal courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The plaintiff states specifically that he is suing the defendants for alleged violations under the Eighth Amendment, *i.e.*, that the defendants have subjected him to cruel and unusual punishment. (Docket Entry No. 1, p. 1) The district court is not required to liberally construe an action when the plaintiff clearly specifies the grounds for relief. *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Therefore, the following analysis addresses the plaintiff's claims solely in the context of the Eighth Amendment.

### A. Plaintiff's Incarceration in SCCF

The plaintiff asks the court to direct that he be moved immediately from SCCF to a facility operated by TDOC for two reasons: 1) because he fears for his safety at SCCF; and 2) because he

3

has been transferred to SCCF in violation of a 2004 settlement in the district court that he would not be incarcerated again in a CCA-operated facility. (Docket Entry No. 1, p. 3)

The law is well established that inmates do not have a constitutional right to be confined in any particular prison. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Moreover, for the reasons explained in n. 2 below,[2] the plaintiff cannot establish the he is being incarcerated in SCCF in violation of any settlement in the district court.

In addition to the foregoing, the plaintiff has failed to cite a single hostile action against him by anyone at SCCF, actual or threatened. Although the plaintiff expresses his concern for his safety repeatedly in the complaint, the plaintiff's subjective fear that he will suffer some kind of harm is insufficient to state a claim under §1983. *See e.g. Preiser v. Newkirk*, 422 U.S. 395, 403 (1975); *Gordon V. Warren Consolidated Board of Education*, 706 F.2d 778, 780-781 (6th Cir. 1983); *Wash v. Gilless*, No. 99-5036, 2000 WestLaw 659225 at * 2 (6th Cir. (Tenn.))

For the reasons explained above, the mere fact that the plaintiff is incarcerated at SCCF is insufficient to constitute a violation of his rights under the Eighth Amendment.

## B. Plaintiff's Failure to Protect Claim

The plaintiff's principal claim is that the defendants are not protecting him from those whom he claims want to harm him. The defendants are, of course, liable to the plaintiff under the Eighth

---

[2] The Court takes judicial notice that the plaintiff's prior case does not support his claim that he settled that case on the assurance that he would never be reassigned to a CCA-operated facility. *See Scotty's Contracting and Stone, Inc. v. United States of America*, 326 F.3d 785, 789 n. 1 (6th Cir. 2003)(citing *Lyons v. Stovall*, 188 F.3d 327, 332 n. 2 (6th Cir. 1999))(both cases standing for the proposition that the district court may take judicial notice of documents submitted as part of proceedings in a different case in a court of record). The agreed order dismissing the case makes no mention of any such agreement, *Gilmore*, No. 1:03-0072 at Docket Entry No. 90, nor is there anything else in the record that memorializes the plaintiff's claim. Moreover, in a motion to hold the defendants in Case No. 1:03-0072 in contempt for transferring him to SCCF, filed the same date that he filed the instant action, the plaintiff characterizes the alleged agreement as "a verbal agreement." *Id.* at Docket Entry No. 92. The defendants to that earlier action have filed a response to the plaintiff's motion, denying that such agreement was reached between the parties, verbal or otherwise. *Id.* at Docket Entry No. 93-94. Inasmuch as the plaintiff was not represented by counsel, and inasmuch as he describes the agreement at issue as verbal in nature, the plaintiff cannot establish for purposes of this action that he was reassigned to a CCA-operated facility in violation of a prior settlement.

4

Amendment if they do not protect him, but only if they act with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference requires that defendants be aware of facts that could infer a substantial risk of serious harm; it also requires that they must "draw the inference." *Id.* at 837.

As previously established, apart from asserting repeatedly that he fears for his safety at SCCF, the plaintiff has not provided a single instance of any hostile action taken or threatened against him by anyone there. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, the plaintiff has failed to provide any factual allegations from which it could be concluded that, apart from expressing his subjective fears, the defendants were aware of a substantial risk of serious harm to the plaintiff.

As explained above, not only is the plaintiff's failure-to-protect claim conclusory, his subjective fears are, once again, insufficient to establish an Eighth Amendment violation.

C. Plaintiff's Work Assignment Claim

The plaintiff asserts that Assistant Warden Lybock assigned him to "Mason[]ry" which was contrary to his medical restrictions, because the work involved "a lot of lifting," the inference being that the assignment constituted cruel and unusual punishment. (Docket Entry No. 1, p. 2)

In the context of this claim, it is the unnecessary and wanton infliction of pain that would constitute cruel and unusual punishment forbidden by the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). For non-penal conduct such as that alleged, a viable Eighth Amendment claim has both an objective and subjective component. *Farmer*, 511 U.S. at 834. The objective component requires that plaintiff experience serious pain, *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and the subjective component requires that the offending, non-penal conduct be wanton, *Id.* 297-300. Both parts of the objective-subjective test must be met to establish a viable Eight

5

Amendment Claim

The plaintiff does not allege, nor can it be liberally construed from the complaint, that he suffered any adverse effects of any sort from his work assignment. The plaintiff asserts only that he "did as [he] was told." (Docket Entry No. 1, p. 2)

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells*, 891 F.2d at 594. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). As already noted, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells*, 891 F.2d 594.

The plaintiff's claim pertaining to his work assignment is conclusory. Conclusory claims are subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

### III. CONCLUSION

The complaint lacks an arguable basis in law or fact against any of the defendants. Accordingly, the complaint will be dismissed as frivolous.

An appropriate order will enter.

Todd Campbell
United States District Judge

6

Case 1:09-cv-00023   Document 4   Filed 05/04/09   Page 6 of 6 PageID #: 29